UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZAEL RICARDO REYES RAMOS (A No. 204 675 606), | No.  1:26-cv-1241 DJC CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, et al. | |
| Respondents. | |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility (ECF No. 1 at 1), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  This action was referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1).  For the reasons which follow, the court recommends that the petition be granted.

I. Facts

Petitioner, a citizen of Mexico (ECF No. 10-1 at 1), entered the United States approximately 20 years ago without authorization.  ECF No. 10-1 at 1; 1 at 5.  On September 16, 2017, petitioner was granted two years Deferred Action for Childhood Arrivals (DACA) status protecting petitioner from deportation.  ECF No. 10-2 at 2.  Petitioner never applied for renewal.  Id.

1

On June 24, 2025, petitioner was encountered by ICE officers for the first time and detained after he was released from serving a prison term at the Sierra Conservation Camp in Jamestown.  ECF No. 10-1 at 3.  Petitioner had completed a two-year prison term for burglary.  ECF No. 10-1 at 21.  Petitioner was charged as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), ECF No. 10-1 at 2, and transported to an ICE office in Stockton.  ECF No 10-1 at 3.  He was ordered to appear for immigration proceedings on July 7, 2025, in Bakersfield. ECF No. 10-1 at 4.  It is not clear how long petitioner has been detained at the California City facility.

Prior to being committed to the California Department of Corrections and Rehabilitation, petitioner had committed several traffic offenses including driving under the influence, ECF No. 10-1 at 8-23, and on June 7, 2023, petitioner was convicted of vandalism and sentenced to 364 days in jail.  ECF No. 10-1 at 19-20.

Petitioner's last immigration hearing was held April 1, 2026.  ECF No 10-1 at 24.  The status of petitioner's removal proceedings is not clear.

Petitioner has two children who are U.S. citizens.  ECF No. 1 at 5.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Petitioner's Rights Under 8 U.S.C. 1226(a)

The court finds that petitioner has a statutory right to a bond hearing under 8 U.S.C. § 1226(a).  As the court recently held in Abasalo v. Warden of Cal. City Det. Cntr, No. 1:26-cv-

2

1491 DAD CKD P, 2026 WL 850747, *2 (E.D. Cal. March 27, 2026) and Galan v. Chestnut, No. 2:26-cv-0288 DAD CKD P, 2026 WL 622215 (E.D. Cal. March 5, 2026), 8 U.S.C. § 1226, rather than § 1225, applies to individuals such as petitioner who were physically present in the United States for some extended period of time before they were encountered and arrested by ICE. Accord Barbosa da Cunha v. Freden, No. 25-3141-pr, 2026 WL 1146044, at *2, 3 (2nd Cir. Apr. 28, 2026) (8 U.S.C. § 1226(a) governed petitioner's detention where petitioner was arrested within the interior of the United States after living here for over twenty years); Castañon-Nava v. DHS, 161 F.4th 1048, 1061 (7th Cir. 2025) (generally speaking, "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)").  Title 8 U.S.C. § 1226(a) applies to non-citizens "detained pending a decision on whether the [noncitizen] is to be removed from the United States."  8 U.S.C. § 1226(a).  Section 1226(a) "is the default detention statute for noncitizens in removal proceedings[.]"  Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023).  But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Section 1226(a) expressly authorizes release on bond, and its authorizing regulations provide for immigration judges to convene bond hearings.  After arresting a noncitizen, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)-(2).  If a noncitizen wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).  By failing to provide petitioner a bond hearing under 8 U.S.C. § 1226(a), respondents are violating petitioner's federal rights.

IV.   Remedy

In light of the foregoing, the court will recommend respondents be ordered to provide a bond and custody redetermination hearing within 7 days.  At the hearing, petitioner bears the burden of establishing that he is not a flight disk or a danger to the community.  See Rodriguez

3

Diaz v. Garland, et al., 53 F.4th 1189, 1210-11 (9th Cir. 2022) (holding that § 1226(a), which places the burden of proof on the detainee at a bond hearing, is constitutionally adequate); J.S. v. Wofford, No. 1:25-CV-02016 DC SCR, 2026 WL 125258, *8 (E.D. Cal. Jan. 16, 2026), report and recommendation adopted, No. 1:25-CV-02016 DC SCR (HC), 2026 WL 297304 (E.D. Cal. Feb. 4, 2026).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents be ordered to provide petitioner with a hearing within 7 days of adoption of these findings and recommendations; petitioner will be entitled to release if he can show he is neither a danger to the public nor a flight risk.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within **seven (7)** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 5, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ramo1241.imm.frs

4